# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES D. BORUFF, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:10-CV-00322 JD |
| TRANSERVICE, INC. and WALGREEN CO., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand [DE 7], filed by counsel on August 20, 2010. For the reasons set forth below, this motion is GRANTED. The case is REMANDED to Porter Superior Court for all further proceedings.

## Background

On June 23, 2010, Plaintiff filed complaint in Porter Superior Court. [DE 1]. Plaintiff alleges that he was injured as a result of the mechanical failure of a trailer hitch crank support on a vehicle he was operating, which was owned or leased by and/or maintained under the direction of Defendants Walgreen Co. and/or Transervice, Inc. *Id.*

The parties do not dispute that Walgreen Co. was served with a summons and the complaint on July 13, 2010, and that Transervice was served on July 14, 2010. [DE 2 at ¶ 2]. On August 12, 2010, Walgreen Co. filed its notice of removal. [DE 2]. On August 20, Plaintiff filed a motion to remand the case to state court. [DE 7]. On September 2, 2010, Walgreen Co. and Transervice filed an amended notice of removal and a response in opposition to Plaintiff's motion to remand. [DE 11; 12]. Plaintiff filed a reply on September 8, 2010. [DE 13].

Plaintiff moves to remand on the ground that Walgreen Co.'s initial notice of removal was defective because it failed to include codefendant Transervice's written consent to removal, as is required by 28 U.S.C. § 1446(a) under Seventh Circuit precedent. [DE 7 at 2]. In their response, Walgreen Co. and Transervice assert that the initial notice was not defective because Steve Marrone, Senior Technical Specialist at Transervice, consented to removal verbally on August 10, 2010, and Walgreen Co.'s notice manifested that consent. [DE 12 at 1]. Additionally, Defendants claim that their amended notice of removal, which includes Marrone's written consent on Transervice's behalf, serves to remedy any defect in their initial notice, if any such defect existed. *Id.* at 2-3.

## I. Insufficient Notice of Removal

Based on the facts before it, the Court finds that Walgreen Co.'s original notice of removal was defective.

28 U.S.C. § 1446(b) sets forth the procedural requirements for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

All defendants' consent to removal is generally required to satisfy this requirement. *See id.* at § 1446(a) ("A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (requiring all defendants' consent); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th

Cir. 1994) (same). However, "[t]he circuits are divided as to what form a codefendant's joinder in removal must take." *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). As the Ninth Circuit summarized in *Proctor*,

> The Sixth Circuit requires only that "at least one attorney of record" sign the notice and certify that the remaining defendants consent to removal; it does not insist that each defendant submit written notice of such consent. In contrast, the Fifth, Seventh, and Eighth Circuits have adopted the more demanding requirement that each co-defendant must submit a timely, written notice of consent to joinder.

*Id.* (adopting the Sixth Circuit's approach) (referencing *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

Indeed, the Seventh Circuit applies the requirement of timely written consent strictly. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (citing *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)); *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 314 (N.D. Ill. 1993). As the Court stated in *Roe*, "[a] petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing." 38 F.3d at 301. In *Gossmeyer*, the court applied this requirement to find a removal petition defective because even though the removing defendant "noted that all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition because not all of them signed it." 128 F.3d at 489.

In this case, Walgreen Co. has not complied with these requirements for removal. Although Walgreen Co.'s notice of removal represents that "Defendant, Transervice, Inc.

consents to the removal", this statement is insufficient to meet the Seventh Circuit's requirement of express, written consent. *See Gossmeyer*, 128 F.3d at 489; *Roe*, 38 F.3d at 301.

## II. Inapplicable Exceptions

The Seventh Circuit does recognize four exceptions to the requirement that all defendants join in a notice of removal. However, neither party contends that Transervice qualifies for any of these exceptions. The Court concludes that these exceptions are inapplicable to this case.

First, nominal parties need not join in a notice of removal. *Shaw*, 994 F.2d at 369; *In re Amoco Petroleum Additives Co.*, 964 F.2d at 711; *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d at 272. "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw*, 994 F.2d at 369. "Where the complaint makes the same allegations against the defendant petitioning for removal as those against the defendants who did not join in the petition for removal, however, none of the defendants can be considered nominal parties in relation to the petitioning defendant." *Siderits v. State of Ind.*, 830 F. Supp. 1156, 1159 (N.D. Ind. 1993) (citing *Lang v. Am. Elec. Power Co., Inc.*, 785 F. Supp. 1331, 1333 (N.D. Ind. 1992)). Because Plaintiff's complaint generally makes the same claims against both Defendants, Transervice is not a nominal party.

Second, any defendant who was not served in the state proceeding when the notice of removal was filed need not join in the notice of removal. *Shaw*, 994 F.2d at 369; *P.P. Farmers' Elevator Co. v. Farmers Elev. Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968). Courts distinguish between those defendants who were not properly served and those who merely have not appeared–the latter do not qualify for this exception. *Siderits*, 830 F. Supp. at 1159 (citing *Prowell v. West Chem. Prod.*, 678 F. Supp. 553, 554 (E.D. Pa. 1988)). Here, the parties agree

4

that both Defendants were served in mid-July, well before the notice of removal was filed. As a result, Transervice may not claim this exception.

Third, fraudulently joined parties need not join notices for removal. A party's joinder is fraudulent when "there is no possibility that plaintiff could establish a cause of action against [the defendant] in state court", *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc.*, 842 F.2d 946, 950 (7th Cir. 1988) (citation omitted), or where there is no chance that the plaintiff would succeed against the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Here, the record supports no inference that Transervice was fraudulently joined.

Fourth, a codefendant against whom "separate and independent" claims are brought need not join in a notice for removal. 28 U.S.C. § 1441(c) directs that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed." The Seventh Circuit has adopted a strict interpretation of the terms "separate and independent":

> It is well-settled that a claim is not "separate and independent" if it arises from the same loss or actionable wrong . . . . Even if more than a single wrong exists, claims are not "separate and independent" if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts.

*Lang*, 785 F. Supp. at 1333 n.4 (quoting *Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985)). In this case, Plaintiff's complaint does not state a "separate and independent" claim against Transervice–it seeks damages against both Defendants for the same, single incident that resulted in Plaintiff's alleged injuries. Accordingly, Transervice does not qualify for this exception.

Against this precedent, Walgreen Co.'s failure to obtain Transervice's consent renders its

5

notice of removal defective.[1]

### III. Ineffective Amendment

The Court further concludes that Walgreen Co.'s amended notice of removal does not serve to remedy this defect.

The 30-day time period for removal in § 1446 is not jurisdictional, but is "a strictly construed rule of procedure, and failure to comply with this rule is ground for remand, absent waiver." *Macri v. M&M Contractors, Inc.*, 897 F. Supp. 381, 383-84 (N.D. Ind. 1995) (citing *N. Ill. Gas Co.*, 676 F.2d at 273). Accordingly, 28 U.S.C. § 1447 sets forth provisions for remand if removal was improper:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Whether a subsequent filing can cure a defective notice of removal depends largely on whether the original notice exhibited "the absence of subject matter jurisdiction" or another defect, such as "a defect in the removal procedure." *In re Cont'l Cas. Co.*, 29 F.3d 292, 293-94 (7th Cir. 1994) (noting that defects in removal procedure permit remand under § 1447 for "failure to comply with § 1446"). As the Court explained in *Macri v. M&M Contractors, Inc.*,

> Within the thirty-day time limit for removal imposed by § 1446(b), a removal petition may be freely amended to cure any defects. Even after the thirty-day time limit, defects as to allegations of jurisdiction may be cured by amendment in accordance with 28 U.S.C. § 1653. *Id.* Defects in removal procedures may only be cured within the statutory time period, however, unless they are waived.

897 F. Supp. at 383-84 (citing *N. Ill. Gas Co.*, 676 F.2d at 273.) "The plaintiff has a right to

---

[1] Moreover, if one of these exceptions had applied, Walgreen Co. would have been required to state the applicable exception in its notice of removal. *See N. Ill. Gas Co.*, 676 F.2d at 273 ("A petition is considered defective if it fails to explain why the other defendants have not consented to removal.").

remand if the defendant did not take the right steps when removing," *Cont'l Cas. Co.*, 29 F.3d at 294, and "a removed matter must be remanded if there are any defects in the removal procedure." *Eltman*, 151 F.R.D. at 314 (citing *Shaw*, 994 F.2d at 366; *Amoco Petroleum*, 964 F.2d at 708); *accord Ortiz v. Gen. Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984) ("[A] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded."). Of course, because such a defect is not jurisdictional, a plaintiff can waive his right to seek remand by failing to move for remand within 30 days after the notice of removal is filed. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1412 n.10 (7th Cir. 1989) (noting that "the 'modal and formal' requirements of the removal statutes can be waived by failure to timely object to the defect") (citing *Ayers v. Watson*, 113 U.S. 594, 598 (1885)).

In this case, Walgreen Co. timely filed a defective notice of removal on August 12, 2010. Plaintiff timely filed a motion to remand on August 20, 2010. Walgreen Co. then filed an amended notice of removal on September 2, 2010–more than 30 days after Walgreen Co. and Transervice were served with Plaintiff's summons and complaint (on July 13 and July 14, 2010, respectively). [DE 2; DE 8]. Because the time limit in § 1446 is "a strictly construed rule of procedure, and failure to comply with this rule is ground for remand, absent waiver," *Macri*, 897 F. Supp. at 383-84, the Court finds Walgreen Co.'s amended notice of removal insufficient under relevant precedent to remedy the defect in removal procedure.

Defendants suggest that such strict adherence to the text of § 1446 would be draconian. [DE 12 at 4]. However, the Court's interpretation of § 1446 and the outcome in this case comport not only with the terms of § 1446, but with Seventh Circuit precedent as well.

7

The Seventh Circuit has held untimely amendments to defective notices of removal sufficient to avoid remand in several instances. But in each of these cases, multiple factors–often including the fact that the unconsenting party's consent was not required for removal–supported the Court's decision not to remand the case. In *Shaw*, the Court found a notice of removal omitting all defendants' signatures sufficient because one missing defendant was dismissed prior to removal, one was served with the complaint after the filing of the removal petition, and one was likely nominal, and in any case the plaintiff did not contest removal. 994 F.2d at 369. In *Northern Illinois*, the Court accepted an untimely amended removal petition on the ground that the unconsenting party was nominal, and its consent therefore was not required for removal. 676 F.2d at 274. In *Eltman*, the Court denied a motion to remand based on two codefendants' lack of consent where both codefendants appeared to be nominal, the first was not served prior to removal, and recovery against the second may have been prohibited under state law, rendering its joinder fraudulent. 151 F.R.D. 311, 316 (noting also that the defective notice would have been cured by the second codefendant's untimely consent to removal) (interpreting *Shaw*, 994 F.2d at 369 ("The question is whether [the petition for removal] was so defective as to be incurable.") (citing *Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 80 (1903) (discussing a notice defective for omitting one party's citizenship to establish diversity, not for failing to comply with removal requirements))). And in *Pettitt v. Boeing Co.* and *Gossmeyer v. McDonald*, the Seventh Circuit held that plaintiffs waived the issue of improper removal by failing to object in a timely fashion. 606 F.3d 340, 342-43 (7th Cir. 2010); 128 F.3d at 489; *see also Issa v. Priority Transp., LLC*, No. 1:05-CV-394, 2006 WL 304028, at *2 (N.D. Ind. Feb. 7, 2006) (denying remand where a timely notice of removal could not have been signed by defense

counsel because the court did not grant defense counsel's motions to appear *pro hac vice* until the day after the removal deadline).

Thus permitting amendments to cure defects in notices of removal differs markedly from the Sixth Circuit's more lenient standards. *See*, *e.g.*, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150 (6th Cir. 1993) (holding untimely amendments to notices of removal sufficient to remedy defects in jurisdictional averments); *see also Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, at *5 (6th Cir. 1994) (unpublished table opinion) (extending *Gafford*'s exception to notices deficient due to noncompliance with removal procedures); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993) (permitting amendments to remedy deficient allegations of jurisdiction after 30 days from service); *Roberts v. Glens Falls Ins. Co.*, 415 F. Supp. 2d 779, 782 (N.D. Ohio 2006) (permitting amendments to cure consent-related procedural deficiencies even over a plaintiff's objection).

In this case, Transervice's consent to remove was required and Walgreen Co.'s failure to comply with removal procedures was not waived by the Plaintiff. Moreover, Walgreen Co. allegedly obtained Steve Marrone's verbal consent to remove on Transervice's behalf on August 10, 2010, prior to filing its first notice of removal on August 12. [DE 12; DE 11-2]. In their amended notice of removal, Defendants submit Marrone's written consent. [DE 11-2]. Given Marrone's alleged verbal consent on August 12, the Court is aware of no reason that Walgreen Co. could not have obtained and submitted his written consent at this time as well. *See* Fed. R. Civ. P. 11(a) (noting that submissions to the court may be signed by "a party personally if the party is unrepresented"). In light of existing precedent and the facts of this case, the Court must find Walgreen Co.'s untimely amended notice of removal insufficient to remedy the defect in its

original notice.

## Conclusion

For the foregoing reasons, Plaintiff James D. Boruff's Motion to Remand [DE 7] is hereby GRANTED. Pursuant to 28 U.S.C. 1447, this case is hereby REMANDED to Porter Superior Court for all further proceedings.

SO ORDERED.

ENTERED:  March 30, 2011

                                           /s/ JON E. DEGUILIO
                                           Judge
                                           United States District Court